# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**GREGORY WOLFE,**
**Claimant Below, Petitioner**

**FILED**
**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-173**          (JCN: 2024022142)

**BBL HOSPITALITY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gregory Wolfe appeals the March 31, 2025, order of the Workers' Compensation Board of Review ("Board"), which affirmed the claim administrator's order that rejected Mr. Wolfe's claim for workers' compensation benefits and found Mr. Wolfe did not suffer a foot injury in the course of and resulting from his employment. Respondent BBL Hospitality, LLC ("BBL") filed a response.[1] Mr. Wolfe did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mr. Wolfe is employed as the general manager of BBL's restaurant. On May 31, 2024, Mr. Wolfe walked towards a patio door of the restaurant to let in another employee and felt a "pop" in his right foot. On June 19, 2024, BBL completed an Employers' Report of Occupational Injury or Disease in which it stated that Mr. Wolfe was walking to the patio door when he felt a "snap" in his foot; that he did not know what caused the incident; that he did not fall or slip; and that there was nothing on the floor to cause an injury. A similar account of this incident was detailed in the following witness statements: separate statements dated June 3, 2024, completed by Erica James, who was the employee Mr. Wolfe let in the restaurant, and Mr. Wolfe; a MEMIC accident report completed by Mr. Wolfe on June 27, 2024; and an undated witness statement completed by Dale Jordan, the general manager of the Four Points by Sheraton hotel, where he stated Mr. Wolfe told him he broke his foot but did not know how the break occurred.

---

[1] Mr. Wolfe is represented by Patrick K. Maroney, Esq. BBL is represented by Jane Ann Pancake, Esq., and Jeffrey B. Brannon, Esq.

On June 27, 2024, Mr. Wolfe signed an Employees' and Physicians' Report of Occupational Injury or Disease. The physician's section was signed by Douglas Dockery, DPM, who described the injury as a fractured fifth metatarsal in the right foot. Dr. Dockery treated Mr. Wolfe for the fracture from May 31, 2024, to September 20, 2024. On May 31, 2024, Mr. Wolfe presented for a foot evaluation and told Dr. Dockery that his foot pain began suddenly with no identifiable injury. An x-ray showed a fractured right fifth metatarsal, and Mr. Wolfe was prescribed an orthotic and pain medication. On June 14, 2024, Mr. Wolfe had a follow-up appointment, and an additional x-ray was performed which showed that the fracture was gapping and had increased in size. Dr. Dockery recommended surgery. On June 21, 2024, imaging showed the injury was worsening and surgery was scheduled for June 26, 2024. Dr. Dockery noted that Mr. Wolfe was unable to walk on his right foot and said that the surgery would incapacitate him for eight weeks.

On July 1, 2024, the claim administrator denied Mr. Wolfe's claim on the basis that it found that no work-related accident was sustained in the course of and resulting from Mr. Wolfe's employment. On July 3, 2024, Mr. Wolfe wrote a letter of protest regarding the claim administrator's decision and stated his injury was caused by the floor at his workplace being in disrepair, such that it was bubbling and tearing. Mr. Wolfe said that as he walked to the door, he turned his foot and "felt a 'pop' followed by intense pain." Mr. Wolfe argued that management was aware of the issues with the floor prior to his injury because members of the leadership team visited on April 1, 2024, and determined that the flooring was in disrepair and needed to be replaced. Mr. Wolfe attached a series of email communications that included photos and descriptions of the requested repairs. On December 20, 2024, Mr. Wolfe was deposed and testified that his injury was caused when he stepped on an uneven part of the floor, where the epoxy floor met the carpet, and his right foot turned just enough that it caused a "pop." Mr. Wolfe confirmed that he did not trip or fall. Mr. Wolfe testified that he initially did not provide all of the information on the various injury reports about how the uneven flooring caused his injury because he was "trying to protect the company," as he had worked there for a long time.

On March 31, 2025, the Board affirmed the claim administrator's order and found Mr. Wolfe's injury did not occur in the course of and resulting from his employment. The Board found Mr. Wolfe gave inconsistent descriptions of how he was injured, and his statements detailing how his injury was caused by uneven flooring were not credible. The Board emphasized that Mr. Wolfe did not allege that uneven flooring caused his injury until his claim was rejected. The Board held that Mr. Wolfe failed to carry his burden to establish that the risk of injury resulting from simply walking to a door was qualitatively peculiar to his employment or that he faced an increased quantity of risk due to his employment. It is from this order that Mr. Wolfe now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Wolfe asserts one assignment of error and argues the Board erred when it rejected his claim for workers' compensation benefits because it did not weigh the evidence appropriately. We disagree. "In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment." Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970); *see also* W. Va. Code § 23-4-1(a) (2008). Here, the Board held that a preponderance of the evidence did not support a finding that Mr. Wolfe suffered a broken right foot as a result his employment. The Board noted that Mr. Wolfe gave inconsistent statements regarding how he was injured. Statements made by Mr. Wolfe, his coworkers, and Dr. Dockery from May to June of 2024 indicate that Mr. Wolfe was simply walking, did not slip or fall, and did not know what caused his injury. However, after the claim administrator denied Mr. Wolfe's claim in July of 2024, Mr. Wolfe claimed that the uneven condition of the floor at his workplace caused his injury. The Board found these statements inconsistent and found Mr. Wolfe's claim that he was injured due to uneven flooring was not credible.

To be compensable, a causal connection between simply walking and employment must be established. The Supreme Court of Appeals of West Virginia ("SCAWV") held that the risk test for determining whether an injury has resulted from the claimant's employment is as follows: "In the context of workers' compensation law, there are four types of injury-causing risks commonly faced by an employee at work: (1) risks directly associated with employment; (2) risks personal to the claimant; (3) mixed risks; and (4) neutral risks." Syl. Pt. 4, *Hood v. Lincare Holdings, Inc.*, 249 W. Va. 108, 894 S.E.2d 890 (2023). In *Hood*, the SCAWV held that the risk of injury the claimant encountered while descending a short, non-defective staircase in the course of his employment is a neutral

3

risk, and that "[t]he act of walking down stairs is an everyday, commonplace activity, which most people do on a daily basis, whether at home, work, or in a retail establishment." *Id.* at 113, 894 S.E.2d at 895. The SCAWV then found the claimant's claim failed due to a lack of causal connection between the injury and the employment because the injury did not result from employment when he was simply walking at his worksite, and he felt a pop in his foot followed by immediate pain and difficulty walking. *See Kittle v. ACNR Res., Inc.*, __ W. Va. ___, 918 S.E.2d 307, 308 (W. Va. Ct. App. 2023).

In this case, the Board concluded that Mr. Wolfe failed to carry his burden to establish that the neutral risk of injury of simply walking to the patio door was qualitatively peculiar to his employment or that he faced an increased quantity of risk because of his employment. Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Wolfe failed to establish he suffered an injury resulting from his employment. The Board analyzed Mr. Wolfe's alleged injury for increased risk, noted that the facts are very similar to those in *Hood* and *Kittle*, made an adverse credibility determination with regard to Mr. Wolfe, and found Mr. Wolfe did not establish that walking to the patio door placed him at an increased risk of injury. We decline to disturb the adverse credibility determination made by the Board. *See Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence . . . .").

We further find that the Board's order is supported by substantial evidence, and as set forth by the SCAWV, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, based on the foregoing, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order and denying Mr. Wolfe's application for benefits.

Accordingly, we affirm the Board's March 31, 2025, order.

Affirmed.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White